# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| BRITTANY N. WORLEY, | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv00020 |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
|   Acting Commissioner of | ) | |
|   Social Security, | ) | By: Pamela Meade Sargent |
|    Defendant | ) | United States Magistrate Judge |

*I. Background and Standard of Review*

Plaintiff, Brittany N. Worley, ("Worley"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), determining that she was not eligible for disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423 *et seq.* (West 2011). Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge by transfer based on consent of the parties pursuant to 28 U.S.C. § 636(c)(1). Oral argument has not been requested; therefore, the matter is ripe for decision.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a

particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Worley protectively filed her application for DIB on July 30, 2010, alleging disability as of July 14, 2010, due to multiple sclerosis, depression, learning disability, numbness and weakness in her legs and severe back pain. (Record, ("R."), at 172-73, 215, 240.) The claim was denied initially and on reconsideration. (R. at 87-89, 95, 98-100.) Worley then requested a hearing before an administrative law judge, ("ALJ"). (R. at R. at 102-03.) A hearing was held by video conferencing on September 25, 2012, at which Worley was represented by counsel. (R. at 36-60.)

By decision dated October 3, 2012, the ALJ denied Worley's claim. (R. at 17-29.) The ALJ found that Worley met the nondisability insured status requirements of the Act for DIB purposes through March 31, 2014. (R. at 19.) The ALJ also found that Worley had not engaged in substantial gainful activity since July 14, 2010, her alleged onset date. (R. at 19.) The ALJ found that the medical evidence established that Worley suffered from severe impairments, namely chronic low back pain with lower extremity weakness; possible multiple sclerosis; major depressive disorder; post-traumatic stress disorder; borderline intellectual functioning; personality disorder; and obesity, but he found that Worley did not

have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 19-22.) The ALJ found that Worley had the residual functional capacity to perform sedentary work[1] with lifting and carrying of items weighing up to 20 pounds occasionally and 10 pounds frequently and standing and walking up to two hours and sitting up to six hours in an eight-hour workday. (R. at 22.) The ALJ also found that Worley could frequently operate foot controls, occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl, but could never climb ladders, ropes or scaffolds. (R. at 22.) The ALJ further found that Worley would need to avoid concentrated exposure to vibration, as well as moderate exposure to hazards, such as moving machinery and unprotected heights, and be limited to simple, routine and repetitive tasks in a low-stress job with only occasional decision making, changes in work settings and interaction with the public or co-workers. (R. at 22.) The ALJ found that Worley had no past relevant work. (R. at 27.) Based on Worley's age, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ also found that other jobs existed in significant numbers in the national economy that Worley could perform, including jobs as a printed circuit board touch-up screener, an addresser and an ampoule sealer. (R. at 28-29.) Thus, the ALJ found that Worley was not under a disability as defined by the Act and was not eligible for DIB benefits. (R. at 29.) *See* 20 C.F.R. § 404.1520(g) (2015).

---

[1] Sedentary work involves lifting items weighing up to 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking or standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. § 404.1567(a) (2015).

After the ALJ issued his decision, Worley pursued her administrative appeals, but the Appeals Council denied her request for review. (R. at 1-8.) Worley then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981 (2015). The case is before this court on Worley's motion for summary judgment filed January 8, 2015, and the Commissioner's motion for summary judgment filed February 12, 2015.

## II. Analysis

The Commissioner uses a five-step process in evaluating DIB claims. *See* 20 C.F.R. § 404.1520 (2015). *See also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to her past relevant work; and 5) if not, whether she can perform other work. *See* 20 C.F.R. § 404.1520. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. § 404.1520(a) (2015).

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. The court must not weigh the evidence, as this court lacks authority to substitute its

judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Thus, it is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). Furthermore, while an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. § 404.1527(c), if he sufficiently explains his rationale and if the record supports his findings.

Worley argues that the ALJ improperly determined her residual functional capacity. (Plaintiff's Memorandum In Support Of Her Motion For Summary Judgment, ("Plaintiff's Brief"), at 5-8.) As stated above, the ALJ found that Worley had the residual functional capacity to perform sedentary work with lifting and carrying of items weighing up to 20 pounds occasionally and 10 pounds frequently and standing and walking up to two hours and sitting up to six hours in an eight-hour workday, could frequently operate foot controls, occasionally climb

ramps or stairs, balance, stoop, kneel, crouch and crawl, but could never climb ladders, ropes or scaffolds, must avoid concentrated exposure to vibration, as well as moderate exposure to hazards, such as moving machinery and unprotected heights, and be limited to simple, routine and repetitive tasks in a low-stress job with only occasional decision making, changes in work settings and interaction with the public or co-workers. (R. at 22.) Worley argues that the ALJ's finding as to her residual functional capacity is not supported by substantial evidence, in that he did not fully explain his weighing of the medical evidence. (Plaintiff's Brief at 6-7.) In particular, Worley argues that the ALJ erred by stating that he was giving "great weight" to the opinions of Dr. Kevin Blackwell, D.O., but then failing to include all of Dr. Blackwell's findings in his finding as to Worley's residual functional capacity. (Plaintiff's Brief at 7.)

Based on my review of the record, I agree. In his opinion, the ALJ stated "The undersigned accords great weight to [Dr. Blackwell's] opinion because he examined the claimant, and his conclusions are supported by the findings upon his examination…. Moreover, his opinion is consistent with the opinions of the State agency medical consultants…." (R. at 26.) In his assessment based on his medical consultative examination, Dr. Blackwell found that Worley could lift items weighing up to 35 pounds occasionally, 15 pounds frequently, could sit for up to eight hours and stand for up to two hours out of an eight-hour workday with normal postural changes, could bend and kneel one-third of the day and should avoid squatting, stooping, crouching, crawling, exposure to unprotected heights, ladder climbing and continuous operation of foot pedals. (R. at 835.) The ALJ, in

his opinion, adopted the finding of Dr. Blackwell, except that he found that Worley could occasionally stoop, crouch and crawl. (R. at 22.) The ALJ offered no explanation for why he did not adopt Dr. Blackwell's findings in their entirety in his residual functional capacity finding. Therefore, I find that the ALJ failed to sufficiently explain his rationale in weighing the medical evidence of record. *See King*, 615 F.2d at 1020.

An appropriate Order and Judgment will be entered.

ENTERED: March 29, 2016.

                                                s/ *Pamela Meade Sargent*
                                                UNITED STATES MAGISTRATE JUDGE